**No. 65556.**—Sam H. Husbands, Jr. *v.* United States, protest 60/16269 (San Francisco).

DONLON, Judge: Plaintiff appeared in court in his own behalf, without counsel. He was sworn and testified. The merchandise in issue is identified as Bonsai trees, which were imported from Japan, in pots, on December 22, 1959.

There is no protest as to classification of the pots. Plaintiff does protest the collector's classification of the Bonsai trees under paragraph 754, Tariff Act of 1930. He claims that these trees are entitled to duty free entry as artistic antiquities under paragraph 1811, as amended (T.D. 54951).

Facts as to the merchandise are not in dispute. These Bonsai trees are living dwarf trees, in this case, pines; they are old; and by a long process of trimming, training with wires, cutting back the roots from time to time and repotting, and confining the tree roots in very small pots (3 inches in diameter), these trees remain dwarf, and they achieve an artificial form that is much esteemed in Japan. The trees were imported by plaintiff for personal use, as ornaments, to be used in his home or garden.

Plaintiff requested on trial opportunity to file a memorandum in support of his protest claim. The presiding judge granted this request. Plaintiff later requested still more time to do this, and that, too, was granted. No such memorandum has been received. Defendant filed a memorandum in opposition to the protest claim.

The competing provisions of law are as follows:

Paragraph 754, as modified by the General Agreement on Tariffs and Trade, T.D. 51802:

Cuttings, seedlings, and grafted or budded plants of other deciduous or evergreen ornamental trees, shrubs, or vines, and all nursery or greenhouse stock, not specially provided for:
Orchid plants_____ 7½% ad val.
Other_____ 12½% ad val.

Paragraph 1811, Tariff Act of 1930, as amended:

(a) *Works of art (except rugs and carpets made after the year 1700)*, collections in illustration of the progress of the arts, works in bronze, marble, terra cotta, parian, pottery, or porcelain, artistic antiquities, and objects of art of ornamental character or educational value which shall have been produced prior to the year 1830, subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe. Picture frames classifiable under this subparagraph may be entered at any port of entry.

Even if there were adequate proofs attesting as to the artistic quality of the imported trees, and there are no such proofs, plaintiff's case would, nevertheless, fail on other grounds.

The record is clear that these are live trees and that their growth is continuing, however slowly. Plaintiff explained that it is necessary to cut back the roots and to repot the trees; and there is nothing to show either that the latest artistic trimming, or the latest root pruning and repotting, antedated 1830. The inference

seems fairly clear that there have been such operations performed more recently than the year 1829.

Before Congress reenacted the substance of paragraph 1708, Tariff Act of 1922, into paragraph 1811, Tariff Act of 1930, there had been several decisions pointing up, as the accepted construction, the rule that articles are not artistic objects of the required statutory antiquity merely because they would be old if they had continued in their ancient form and condition. *A. G. Becker* v. *United States*, 48 Treas. Dec. 800, Abstract 50697; *Stone & Downer Co.* v. *United States*, 54 Treas. Dec. 401, T.D. 43052.

These decisions were discussed in the Summary of Tariff Information, 1929, schedule 15, page 2674, which was before Congress when it had under consideration the bill which became the Tariff Act of 1930. It is well settled that reenactment of a statutory provision, under such circumstances, indicates that Congress adopted the judicial interpretation. *United States* v. *Astra Trading Corp.*, 44 C.C.P.A. (Customs) 8, C.A.D. 627.

It is also well settled that a more specific tariff enumeration will prevail over a general enumeration. *John J. Coates Co. et al.* v. *United States*, 44 C.C.P.A. (Customs) 97, C.A.D. 643. These are ornamental evergreen trees, such as paragraph 754 specifically enumerates.

Defendant has raised no issue as to noncompliance with the applicable Treasury regulations, and, therefore, we do not discuss this *sine qua non* of paragraph 1811 duty-free entry.

The protest claim is overruled. Judgment will be entered accordingly.